[No. C044357. Third Dist. Mar. 30, 2004.]

CANAL INSURANCE COMPANY, Plaintiff and Respondent, v.
BILLIE TACKETT, Defendant and Appellant.

STEWART EUGENE LEWIS, Plaintiff, v.
M.T.C. et al., Defendant.

COUNSEL

Stewart, Humpherys, Burchett & Molin and Richard Molin for Defendant and Appellant.

Perry & Spann and Linda J. Linton for Plaintiff and Respondent.

OPINION

**HULL, J.**—Defendant Billie Tackett appeals from an order awarding plaintiff Canal Insurance Company attorney fees from interest that had accrued on interpleader funds deposited with the court. Defendant contends that (1) plaintiff did not give the requisite notice for its fee motion and (2) an award of fees from interest on interpleader funds is statutorily prohibited. This latter point is dispositive, and we reverse the trial court's order.

### FACTS AND PROCEDURAL HISTORY

Defendant was one of several people injured in a vehicle accident caused by the driver of a tractor-trailer rig. A number of lawsuits were filed in Lassen County, two of which were consolidated—case Nos. 31217 and 35101. Case No. 35101 was dismissed with prejudice and is not at issue in this appeal.

Plaintiff, the insurance carrier for the truck driver's employer, filed a complaint in interpleader and deposited the $1 million policy limit with the court clerk. The court subsequently ordered the clerk to place these funds in an interest-bearing account, adding that "the interest on such amount to be allocated to the parties in the same proportion as the original funds are hereafter allocated."

On September 20, 2002, after lengthy discussions, the parties stipulated to a settlement. The judgment, entered two months later on November 26, 2002, discharged plaintiff from liability and allocated the funds in the interpleader account among the 14 claimants, including defendant. These funds then totaled approximately $1,015,000. The judgment stated that any party "not specifically mentioned in [this allocation] is deemed to have waived his, her or its right to a share of the interpled funds deposited in this action."

On February 28, 2003, plaintiff filed a motion for attorney fees and costs "from the interest accrued since the last Settlement Conference held on September 20, 2002 . . . ." Plaintiff asked that this award "be distributed from the excess interest over and above the $1,015,998 distribution already paid to the Interpleader Defendants . . . ." Plaintiff asserted that it never intended "to

waive costs and attorneys' fees associated with the interpleader action," but that at the end of the marathon settlement conference on September 20, it "agreed to waive its costs at that point only if that move would completely settle the matter. Attorney's fees and costs at that time were in the tens of thousands of dollars. Costs, including reporting fees and medical records, were in excess of ten thousand dollars. The agreement to waive costs at that point was given only for the agreement that Judgment be signed immediately, the potential claims against [plaintiff's] insureds be dismissed, and that distribution of the funds occur immediately." Plaintiff sent out a proposed judgment on October 1, 2002, but defendant balked at signing the agreement while she investigated other possible insurance coverage. Plaintiff asserted that due to this conduct, it "was unnecessarily forced to incur additional attorney's fees and costs" between September 20, 2002, and November 26, 2002, the date judgment was finally entered.

The hearing on this motion was scheduled for March 7, 2003. Defendant filed opposition, asserting that the motion was improperly served and untimely noticed and should therefore be stricken. She also addressed the merits of the motion, asserting that the statutory scheme governing interpleaders precluded an award for fees and costs from interest accrued on the interpleaded funds and that the additional fees and costs plaintiff incurred were due to its own conduct, not that of defendant.

The trial court granted plaintiff's motion, awarding plaintiff "attorneys' fees and costs which shall include the remaining sums deposited in the interest-bearing account . . . ." On the date the order was entered, March 28, 2003, this amounted to $7,121.24.

Defendant appeals.

### DISCUSSION

We digress briefly to address two peripheral issues raised by the parties.

In her reply brief, defendant complains that the respondent's appendix prepared by plaintiff does not conform to the California Rules of Court because it does not include a chronological index. (Cal. Rules of Court, rules 5.1(c)(1), 9(c).) She is right. But defendant did not move to strike the appendix when it was filed, nor does she ask that we strike the appendix now. Therefore, we simply advise plaintiff for future reference that had such a motion been filed, it may well have been granted.

Plaintiff asks that we take judicial notice of certain items included in its respondent's appendix. Defendant responds that these materials are not the

proper subject for judicial notice. There is a more fundamental defect, one involving another failure to comply with the rules of appellate practice. California Rules of Court, rule 22(a)(1) requires a party seeking judicial notice to "file a separate motion with a proposed order." Despite this clear direction, plaintiff's motion was not filed separately, but was included as part of its respondent's brief. Because plaintiff's request was not properly made, we will not consider it. Nor will we consider the materials themselves, which plaintiff improperly included in its appendix.

■ We turn to the issues presented in defendant's appeal. Defendant asserts that plaintiff's motion for attorney fees did not comply with Code of Civil Procedure section 1005, subdivision (b), which requires motions to be served and filed at least 21 calendar days before the hearing. Plaintiff's motion was filed on February 28, 2003, and noticed for hearing on March 7, 2003, well short of the statutorily mandated time frame. Plaintiff responds that any defect in service was waived by defendant's presence at the hearing. We need not resolve this conflict. Regardless of the validity of service, as a matter of law, attorney fees cannot be awarded from the interest on interpleader accounts and therefore the court's order must be reversed. We explain.

Under the interpleader scheme, "[a]ny amount which a plaintiff . . . admits to be payable may be deposited by him with the clerk of the court at the time of the filing of the complaint . . . in interpleader without first obtaining an order of the court therefore. Any interest on amounts deposited . . . shall cease to accrue after the date of such deposit . . . ." (Code Civ. Proc., § 386, subd. (c); unspecified section references that follow are to the Code of Civil Procedure.)

■ However, upon the request of any party to the action, the trial court must order that this deposit be invested in an interest-bearing account. (§ 386.1.) The statute continues: "*Interest on such amount shall be allocated to the parties in the same proportion as the original funds are allocated.*" (*Ibid.*, italics added.)

Section 386.6, subdivision (a), relating to requests for attorney fees in interpleader cases, provides in relevant part that "[a] party to an action who follows the [interpleader procedure] . . . may insert in his motion, petition, complaint or cross[-]complaint a request for allowance of his costs and reasonable attorney fees incurred in such action. *In ordering the discharge of such party*, the court may, in its discretion, award such party his costs and reasonable attorney fees *from the amount in dispute which has been deposited with the court* . . . ." (Italics added.)

"Our fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute. [Citation.] We begin by examining the statutory language, giving the words their usual and ordinary meaning. [Citation.] If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs." (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196].)

■ This is such a case. The statutes at issue here are clear and unambiguous. Section 386.1 explicitly states that interest accrued on interpleader accounts "shall be allocated to the parties in the same proportion as the original funds are allocated." In other words, the interest belongs to those who ultimately receive the funds on deposit, and not anyone else.

■ Attorney fees may be awarded in interpleader cases, but the method for requesting and ordering such an award is plainly delineated in section 386.6. A party may make such a request in his complaint in interpleader, and, in discharging the party, the court may make such an award "from the amount in dispute which has been deposited with the court." (§ 386.6, subd. (a).) This system contemplates that a party seeking attorney fees will make its request *before* it is discharged from liability; the fees can then be awarded from the amount deposited with the court.

■ Here, plaintiff included a request for attorney fees and costs "from the fund deposited with the [court]" in its complaint in interpleader. But, according to its own pleadings, it later opted to forgo its request for fees and costs in order to settle the case. The judgment's allocation of the interpleader funds therefore did not include an allocation for fees to plaintiff. The effect of noninclusion was also addressed in the judgment, which stated that any party "not specifically mentioned in [this allocation] is deemed to have waived his, her or its right to a share of the interpled funds deposited in this action."

It was not until three months after this judgment had been entered that plaintiff sought to obtain fees from the remaining interest in the interpleader account. But that interest belonged to the same parties who received allocations pursuant to the judgment. As we noted previously, section 386.1 specifically states that the interest on interpleader accounts "shall be allocated to the parties in the same proportion as the original funds are allocated." Plaintiff received nothing from the original funds, and therefore had no claim to any of the interest in the account. The interest belonged to the parties to whom allocations were made, a fact that even plaintiff seems to recognize.

If plaintiff wanted to recoup its attorney fees and costs, it was required to make its desires known before being discharged from liability so that a fee

award could be made from the amount deposited in the interpleader account. Plaintiff sacrificed any claim on fees to settle the case. It cannot "undo" that sacrifice at a later date by seeking fees from interest accrued on the interpleader funds.

In arguing otherwise, plaintiff cites *GTE Directories Corp. v. Ad-Vantage Telephone Directory* (M.D.Fla. 1995) 892 F.Supp. 254, 256–257, in which the district court concluded that an attorney's lien attached to both the principal and interest deposited in an interpleader action. This case is of little assistance. No attorney's lien is involved in plaintiff's case. More importantly, the Florida case was not governed by California's statutory scheme. The interpleader statutes at issue here unambiguously provide that interest belongs to the parties who receive allocations of principal, and attorney fees can be awarded only from the amount deposited with the courts.

In a secondary argument, defendant asserts that the court erroneously awarded attorney fees and costs for work not associated with the interpleader action. That claim is moot because plaintiff was not entitled to *any* attorney fees from the interest accrued on the interpleader funds.

DISPOSITION

The judgment is reversed. Defendant is awarded her costs on appeal.

Sims, Acting P. J., and Davis, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 30, 2004.